### STILLMAN BARD *versus* CHARLES F. WOOD & *als.*

One cannot act in an official capacity, except by consent, upon questions in which other parties are interested, if he stand within the sixth degree of relationship, to either party, according to the rules of the civil law, although he be related in an equal degree to the other party.

Therefore in a disclosure upon a poor debtor's bond, a person, who is an uncle to both of the parties, is disqualified from acting as one of the examining magistrates.

When a debtor, after having duly cited his creditor, shall have taken the poor debtor's oath, although before magistrates not having jurisdiction, the damages are to be assessed according to statute of 1848, chap. 85.

DEBT, upon a poor debtor's bond. The debtor, after having duly cited the creditor, took the poor debtor's oath before two justices of the peace and quorum. One of the justices was an uncle to both the creditor and debtor. Plaintiff objected to his competency. The case was submitted to the Court for decision according to the rights of the parties.

*Walton,* for plaintiff.

1. One of the justices being an uncle to the creditor and debtor, was incompetent to administer the oath. *Ware* v. *Jackson,* 24 Maine, 166.

2. Judgment should be rendered in conformity to the provisions of the Rev. Stat. chap. 148, § 39; *Barnard* v. *Bryant,* 21 Maine, 206; *Bunker* v. *Hall,* 23 Maine, 26.

3. The act of 1848, § 2, does not change the mode of assessing the damage, where the justices who administer the oath have no jurisdiction. So far as relates to this question, the language used in the act of 1848, is precisely the same as

that used in the Rev. Stat. chap. 115, sect. 78.   Consequently
the above decisions apply with equal force to the act of
1848.

*May*, for defendants.

The condition of the bond has been performed; the oath
was administered according to the statute; the justice being
related equally to both parties, was disinterested within the
meaning of the statute.

In case the Court are of opinion that the bond is a statute
bond, and that the condition was not performed, the plaintiff,
is entitled only to the real and actual damage sustained.   Stat.
of 1848, chap. 85, § 2.

WELLS, J. orally. — The statute requires that the justices
shall be disinterested.   Rev. Stat. chap. 1, rule 22, provides
that when a person is required to be disinterested, in acting
upon any question, in which other parties have rights, any re-
lationship to either of said parties, within the sixth degree
inclusive, according to the rules of the civil law, shall be con-
strued to disqualify such person from acting on such question,
unless by the express consent of the parties, interested therein.
In this case, the justice was within the fourth degree of rela-
tionship, and there was no express consent.   Though he was
*equally* related to both parties, we think he was incompetent,
and therefore the justices had no jurisdiction.

A question arises as to the *computation* of damages.   The
case comes within the letter of the statute of 1848.   That
statute includes all cases, where the oath has actually been
taken, although the justices had not jurisdiction.   And under
that statute, the damages must be assessed.

*Defendant defaulted.*